IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EVENTI, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>THE NETWORK BAR, LLC,<br><br>THE NETWORK BAR HOSPITALITY, LLC,<br><br>THE NETWORK BAR BEVERAGE COMPANY, LLC,<br><br>TNB GROWTH CORPORATION<br><br>   and<br><br>TNWB, LLC<br><br>   Defendants. | CIVIL ACTION NO.: 3:20-cv-628<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement, in which Eventi, LLC ("Eventi" or "Plaintiff") makes the following allegations against The Network Bar, LLC ("The Network Bar"), The Network Bar Hospitality, LLC ("Network Bar Hospitality"), The Network Bar Beverage Company, LLC ("Network Bar Beverage"), TNB Growth Corporation ("Network Bar Growth") and TNWB, LLC ("TNWB" and collectively, "The Network Bar Companies" or "Defendants").

## PARTIES

2. Plaintiff Eventi is a Texas limited liability company having its primary office at 4507 Byron Circle, Irving, TX 75038-6324. Eventi's owner is Mr. Federico Fraccaroli.

3. On information and belief, Defendant The Network Bar is a Texas limited liability company having a principal place of business at 331 Singleton Blvd., Dallas, TX 75212. The registered agent for service of process in Texas for The Network Bar appears to be Lawrence B. Mandala, 12770 Coit Road, Suite 600 Dallas, Tx 75251.

5. On information and belief, Defendant Network Bar Hospitality is a Texas limited liability company having a principal place of business at 331 Singleton Blvd., Dallas, TX 75212. The registered agent for service of process in Texas for Network Bar Hospitality appears to be Lawrence B. Mandala, 12770 Coit Road, Suite 600 Dallas, Tx 75251.

6. On information and belief, Defendant Network Bar Beverage is a Texas limited liability company having a principal place of business at 331 Singleton Blvd., Dallas, TX 75212. The registered agent for service of process in Texas for Network Bar Beverage appears to be Lawrence B. Mandala, 12770 Coit Road, Suite 600 Dallas, Tx 75251.

7. On information and belief, Defendant Network Bar Growth is a Texas corporation having a principal address at 5600 West Lovers Lane, #116-410, Dallas TX 75209. The registered agent for service of process in Texas for Network Bar Growth appears to be Lawrence B. Mandala, 12770 Coit Road, Suite 600 Dallas, Tx 75251.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. On information and belief, Defendants maintain regular and established places of business in this Judicial District and have committed acts of patent infringement in this Judicial District by using, selling and/or offering for sale infringing instrumentalities to customers in this Judicial District.

10. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their presence and substantial business in this forum, including: (i) maintaining a physical presence in this forum; (ii) committing at least a portion of the infringements in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**

11. Federico Fraccaroli is an American technologist, inventor, author, and entrepreneur. Mr. Fraccaroli has been widely recognized for his innovations and contributions to the body of technical knowledge. This recognition includes, but is not limited to, the publication of Mr. Fraccaroli's technical articles in prestigious international technical journals, as well as well-attended public events featuring Mr. Fraccaroli as a speaker. Recently, one of Mr. Fraccaroli's innovative projects was named as a finalist for the Innovation Award at SXSW® 2018, one of the most prominent events in the U.S showcasing emerging technologies.

5. Mr. Fraccaroli's recent techological publications include:

- *Wearable Electronics Directional Augmented Reality*, University Booth, Proc. of IEEE Design, Automation and Test in Europe (DATE), Lausanne (CH), Mar. 28-30, 2017;

- *Demo Abstract: Low-Complexity Eyewear System for Direction-based Augmented Reality Applications*. Proc. of ACM Conf. on Embedded Network Sensor Systems (SenSys), Delft (NL), Nov. 5-8, 2017; and

- *A System C-based Simulator for Design Space Exploration of Smart Wireless Systems*, Dresden (DE), Proc. of IEEE Design, Automation and Test in Europe, Mar. 19-23, 2018.

6. On October 12, 2012, Fraccaroli filed a patent application entitled "Method and Apparatus for Location Based Networking Sessions" with the U.S. Patent and Trademark Office ("USPTO"). The application was assigned serial number 13/633,133 (hereinafter, "the '133 Application").

7. The disclosure and claims of the '133 Application were directed to a variety of methods, systems, and tools for managing networking events and connecting users. The tools disclosed and claimed include, in particular, a mobile application designed to allow users located at a location or interested in that location to search, identify and eventually meet other users at the location according to various criteria.

8. At least one method set forth in the '133 Application was directed to a method for facilitating networking among members of a social network. The method incorporates a series of steps, including causing, at least in part, visual indicia of a session area that is anchored to a fixed point, wherein said session area is, at least during a time window, in an active status and, while in said active status, said session area is joined by said members of said social network by

means of mobile equipment associated with said members, when said mobile equipment is determined to be positioned within boundaries associated with said session area via at least one positioning related technology.

9. According to the '133 Application, the positioning related technology may be selected from the group consisting of: satellite positioning technology, geo-fencing technology, radio horizon measurements technology, triangulation technology, cell ID reporting technology, WLAN cell ID identification technology, Bluetooth cell ID identification technology, RF-ID cell identification technology, RF-ID tagging technology, inertial positioning technology, time of arrival measurements technology, received signal strength measurements technology, angle of arrival measurements technology, choke points technology, location indexing technology, presence reporting technology and combinations thereof.

10. The method disclosed in the '133 Application further included the steps of regulating, at least in part, the joining of said session area by members of at least a first group in said social network, wherein said first group is characterized by at least a first set of attributes and regulating, at least in part, the joining of said session area by members of at least a second group in said social network, wherein said second group is characterized by at least a second set of attributes and pairing of said first set of attributes with said second set of attributes to form a predetermined complementary set of attributes that is associated to said session area.

11. The method set forth in the '133 Application further included the steps of attaining, at least in part, a predetermined mix of members of said first group and members of said second group joining said session area during said active status by selectively providing visual indicia associated with said session area to said members of said social network selected from the group consisting of: said members of said first group, said members of said second group, and combinations thereof and providing, at least in part, a networking related functionality to at least some of said members of at least said first group that have joined said session area during said active status and to at least some of said members of said at least second group that have joined said session area during said active status.

12. On December 16, 2012, Mr. Fraccaroli filed a patent application entitled "Method and Apparatus for Managing Attributes and Functionalities of Predetermined Geographical Areas" with the United States Patent and Trademark Office ("USPTO"), which was assigned

patent application serial number 13/716,168 (the "'168 Application," and collectively, the "Fraccaroli Applications").

13. The disclosure and claims of the '168 Application were directed to a variety of methods, systems, and tools for managing networking events and connecting users. The tools disclosed and claimed include, in particular, a mobile application designed to allow users located at a location or interested in that location to search, identify and eventually meet other users at the location according to various criteria.

14. Specifically, the '168 Application was directed to a method of automatically collecting and sharing information among certain users within a defined area, for networking purposes.

15. The defined area can be joined by certain users who belong to a predetermined group, such as members at an establishment or users whose profile is associated with metadata describing their business or occupation.

16. Each user can join the area using a mobile equipment apparatus, such as a smartphone, that is owned by or associated with them if the smartphone is within the defined area.

17. The information collected and shared relates to other users who are associated with the area and also belong to at least one predetermined group.

18. Subsequent to the filing of the '133 Application, the '168 Application and other patent applications covering technical solutions for a proof of concept, Mr. Fraccaroli built, at substantial effort and expense, a minimum viable product ("MVP") entitled "The Eventi App," a Networking Application based on LinkedIn enabling efficient face-to-face professional networking, as set forth in the '133 Application and '168 Application.

19. On April 3, 2014, the '133 Application was published by the USPTO as Publication No. US2014/0095607A1.

20. On June 19, 2014, the '168 Application was published by the USPTO as Publication No. US2014/0171119A1.

21. On November 4, 2014, the USPTO issued the '168 Application as United States Patent No. 8,880,101 (the "'101 Patent") naming Federico Fraccaroli as the sole inventor. A true and correct copy of the '101 Patent is attached as Exhibit A.

22. On February 16, 2016, the '133 Application was issued by the USPTO as United States Patent No. 9,264,874 ("the '874 Patent") naming Federico Fraccaroli as sole inventor. A true and correct copy of the '874 Patent is attached as Exhibit B.

23. After filing the Eventi Applications, Mr. Fraccaroli presented the vision, the business concept, the underlying Intellectual Property, the technical solutions, and the Eventi App both privately and publicly to hundreds of entrepreneurs, potential investors, and technology enthusiasts in the Dallas-Fort Worth area on numerous occasions.

24. To mention but a few public events in Dallas presenting the Eventi technology:

- Mr. Fraccaroli introduced the Eventi App publicly on January 29th, 2015, at the SMU Cox Southwest Venture Forum in Dallas in front of approximately four hundred attendants.

- He also presented it publicly on June 2nd, 2015, at the Launch DFW event in Dallas in front of almost two hundred and fifty attendants.

- Additionally, he presented it publicly on July 1st, 2016 at the One Million Cups event in Dallas in front of about one hundred fifty people.

25. All of Mr. Fraccaroli's presentations in Dallas and accompanying pamphlets that were often distributed at the many events highlighted the Intellectual Property underlying the technical solutions behind the proof of concept for the location-based data service.

26. Accordingly, by the third quarter of 2016, Mr. Fraccaroli's patented inventions for professional networking, including but not limited to the Eventi App, had been widely publicized and was well-known within the community of entrepreneurs, investors, and technologists.

27. On September 20, 2016, a provisional patent application entitled "Networking Application for Controlled Access Establishment" was filed by Trinity Groves Restaurant Incubator Partners, LP ("Trinity Groves") with the United States Patent and Trademark Office and assigned serial number 62/397,278 (the "'278 Application").

28. On September 20, 2017, patent application serial number 15/710,786 (the "'786 Application") was filed with the USPTO by Trinity Groves, claiming priority to the '278 Application.

29. On March 22, 2018, the '786 Application was published as Publication No. US2018/0083979A1, naming Trinity Groves as the applicant.

30. The abstract of Trinity Groves' '786 Application recites, in relevant part: "[t]he processor receives a new member application related to a second member device not included in

the plurality of member profiles; determines member attributes of the second member profile based on the received new member application related to the second member device; generates a networking recommendation based on the member attributes, recommendation information, recommendation trigger information, and recommendation target information; and transmits the networking recommendation to the first member device."

31. Defendants operate an establishment at known as "The Network Bar" in Dallas, Texas.  The Network Bar is located at 331 Singleton Boulevard, within the Trinity Groves restaurant venue.

32. The Network Bar provides, supplies, distributes, offers for sale, sells, and/or provides access to methods and apparatuses for professional networking in connection with The Network Bar.  On information and belief, the tools used and provided in connection with The Network Bar include a mobile application (hereinafter, "The Network Bar Mobile App") specifically designed to allow users located at the bar to search, identify and meet other users at the same location.  On information and belief, the tools provided also allow users to remotely receive indicia of professionals that are located there.

33. On information and belief, the networking system set forth and described in the '786 Application is incorporated, at least in part, into the networking system used at The Network Bar and within The Network Bar Mobile App.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,880,101

34. Plaintiff is the owner by assignment of the '101 Patent, including all rights to recover for past, present and future acts of infringement.

35. On information and belief, The Network Bar and The Network Bar Mobile App automatically collect and share information among certain users within a defined area, for networking purposes.

36. On information and belief, the defined area can be joined by certain users who belong to a predetermined group, such as dues-paying members at The Network Bar.

37. On information and belief, each user of the The Network Bar Mobile App can join the area using their smartphone, when the smartphone is within the defined area.

38. The information collected and shared by The Network Bar Mobile App relates to other users who have joined the area who also belong to at least one predetermined group.

39. On information and belief, defendants Network Bar Hospitality, Network Bar Beverage, Network Bar Growth and TNWB directly and indirectly support, participate in, contribute to and/or facilitate the infringing activities of The Network Bar and The Network Bar Mobile App.

40. Defendants directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – have used, operated, provided, supplied and/or provided access to The Network Bar.

41. Defendants directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – have used, operated, provided, supplied, distributed, offered for sale, sold, and/or provided access to The Network Bar Mobile App.

42. The Network Bar infringes one or more claims of the '101 Patent.

43. The Network Bar Mobile App infringes one or more claims of the '101 Patent.

44. Defendants' use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to The Network Bar and the Network Bar Mobile App covered by the '101 Patent has been conducted without a license, authority or permission of Eventi.

45. Defendants' unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to The Network Bar, The Network Bar Mobile App, and methods and apparatuses covered by the '101 Patent constitutes patent infringement under 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,264,874

46. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 9,264,874 ("the '874 Patent") entitled "Method and Apparatus for Location Based Networking Sessions" – including all rights to recover for past, present and future acts of infringement.

47. On information and belief, The Network Bar and The Network Bar Mobile App employ a method for facilitating networking among members of a social network. The method employed by The Network Bar incorporates a series of steps, including causing, at least in part, certain visual indicia of a session area that is anchored to a fixed point, wherein said session area is, at least during a time window, in an active status and, while in said active status, said session

area is joined by said members of said social network by means of mobile equipment associated with said members, when said mobile equipment is determined to be positioned within boundaries associated with said session area via at least one positioning related technology.

48. On information and belief, The Network Bar and The Network Bar Mobile App employ choke points technology, both alone and in combination with other positioning technology.

49. On information and belief, The Network Bar and The Network Bar Mobile App regulate, at least in part, the joining of said session area by members of at least a first group in said social network, wherein said first group is characterized by at least a first set of attributes and regulating, at least in part, the joining of said session area by members of at least a second group in said social network, wherein said second group is characterized by at least a second set of attributes and pairing of said first set of attributes with said second set of attributes to form a predetermined complementary set of attributes that is associated to said session area.

50. On information and belief, The Network Bar and The Network Bar Mobile App attain, at least in part, a predetermined mix of members of said first group and members of said second group joining said session area during said active status by selectively providing visual indicia associated with said session area to said members of said social network selected from the group consisting of: said members of said first group, said members of said second group, and combinations thereof and providing, at least in part, a networking related functionality to at least some of said members of at least said first group that have joined said session area during said active status and to at least some of said members of said at least second group that have joined said session area during said active status.

51. The Network Bar infringes one or more claims of the '874 Patent.

52. The Network Bar Mobile App infringes one or more claims of the '874 Patent.

53. Defendants' use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to The Network Bar and the Network Bar Mobile App covered by the '874 Patent has been conducted without license, authority or permission of Eventi.

54. Defendants' unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to The Network Bar, The Network Bar Mobile App, and methods and apparatuses covered by the '874 Patent constitutes patent infringement under 35 U.S.C. § 271.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by a jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.  A judgment in favor of Plaintiff that Defendants have infringed the '101 Patent;

b.  A judgment in favor of Plaintiff that Defendants have infringed the '874 Patent;

c.  A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '101 and '874 Patents;

d.  A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '101 and '874 Patents as provided under 35 U.S.C. § 284;

e.  An award to the Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

f.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

g.  Any and all other relief to which Plaintiff may show itself to be entitled.

Dated:  March 12, 2020                         Respectfully Submitted,

                                   By:  /s/ Kenneth Thomas Emanuelson
                                        Kenneth Thomas Emanuelson
                                        Texas State Bar No. 24012591
                                        THE EMANUELSON FIRM, P.C.
                                        17304 Preston Road, Suite 800
                                        Dallas, Texas 75252
                                        469-363-5808
                                        Ken@Emanuelson.us

                                        **ATTORNEY FOR PLAINTIFF**
                                        **EVENTI, LLC**